# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DION MILLER, Booking #14702376,<br><br>Plaintiff,<br><br>vs.<br><br>UNNAMED,<br><br>Defendants. | Civil No.   15cv0097 WQH (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1)  FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO FILE A MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2)  FOR FAILING TO FILE A COMPLAINT THAT ALLEGES FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO FED.R.CIV.P. 3, FED.R.CIV.P. 8(a)(1)-(3) AND FED.R.CIV.P. 12(h)(3)** |

Anthony Dion Miller ("Plaintiff"), a prisoner currently housed at San Diego County Sheriff's Department's George Bailey Detention Facility ("GBD") in San Diego, California, and proceeding pro se, has filed a letter with the Court, which while not altogether clear, appears to include allegations that an unidentified GBD official violated his Eighth Amendment rights on January 6, 2015. *See* Doc. No. 1 at 1-2. Plaintiff asks for "forms as to how to file a complaint" regarding the incident. *Id.* at 2.

Because Plaintiff is proceeding without counsel, the Court has liberally construed his letter as an attempt to commence a civil action, and has assigned it Civil Case No. 3:15-cv-0097-WQH-NLS. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.    INITIAL REVIEW OF PLAINTIFF'S PLEADING

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED.R.CIV.P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED.R.CIV.P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED.R.CIV.P. 8(a)(1)-(3).

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1    Federal courts have limited jurisdiction, and limitations on the court's jurisdiction
2 "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*,
3 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437
4 U.S. 365, 374 (1978)).  The Court must determine sua sponte whether it has subject
5 matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).
6 *See also* FED.R.CIV.P. 12(h)(3) ("If the court determines at any time that it lacks
7 subject-matter jurisdiction, the court must dismiss the action.").

8    Here, while it appears from Plaintiff's letter that he may wish to file a civil rights
9 action against at least one GBD official, he does not currently allege subject matter
10 jurisdiction pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1343(a)(3).  *See Watson v.*
11 *Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer
12 allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must
13 always be affirmatively alleged.").  Thus, because Plaintiff has not filed a complaint that
14 alleges federal jurisdiction or "states a claim to relief that is plausible on its face,"
15 *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his case must be dismissed.
16 *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation
17 under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter
18 as practicable, any civil action brought by a prisoner seeking redress from a governmental
19 entity, officer or employee," and its requirement to dismiss complaints or any portion
20 thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be
21 granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28
22 U.S.C. § 1915A(a), (b)).

23   Because Plaintiff is proceeding without counsel, however, and his letter indicates
24 his desire to initiate a civil rights action, the Court will sua sponte grant him an
25 opportunity to do so.  As noted above, however, Plaintiff's Complaint must comply with
26 Federal Rule of Civil Procedure 8.  "Each allegation [in a pleading] must be simple,
27 concise, and direct.  No technical form is required." FED.R.CIV.P. 8(d)(1).
28 / / /

Plaintiff is further cautioned that any complaint he files will be subject to an initial sua sponte screening and that it will be dismissed pursuant to 28 U.S.C. § 1915A(b) (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (if he files a motion to proceed IFP) for failing to state a claim unless his pleading contains sufficient factual matter to show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to . . . § 1983 suits," he must also plead that each Government-official defendant he wishes to sue, "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state an Eighth Amendment claim, in particular, Plaintiff must allege facts sufficient to show that each individual official he seeks to hold liable acted with "'deliberate indifference' to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994) (citations omitted).

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action without prejudice for failing to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failing to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and failing to file a Complaint which alleges federal subject matter jurisdiction pursuant to FED.R.CIV.P. 3, 8(a)(1)-(3), and 12(h)(3);

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) prepaying the entire $400 civil filing fee in full; ***or***

1  (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his
2  trust account statement for the 6-month period preceding the filing of his Complaint, *see*
3  28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); *and* (c) filing an Amended Complaint
4  that conforms with Rule 8.

5  The Clerk of Court is further **ORDERED** to provide Plaintiff with this Court's:
6  1) form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*"
7  and, 2) form "Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983" for
8  Plaintiff's use and convenience. If Plaintiff chooses to proceed, he must title his pleading
9  as his "Amended Complaint," include Civil Case No. 15cv0097 WQH (NLS) in its
10 caption, and otherwise comply with FED.R.CIV.P. 10(a), by naming each individual party
11 he wishes to sue.

12 If Plaintiff fails to comply within the time provided, this civil action will remain
13 dismissed without prejudice for the reasons set forth in this Order and without any further
14 action by the Court.

15 **IT IS SO ORDERED**.

16 DATED: March 12, 2015

17
18 **WILLIAM Q. HAYES**
United States District Judge